# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

  **v.**                                                            **Case No. 18-CR-67**

**BRITTNEY NEAL,**

    **Defendant.**

## ORDER ON DEFENDANT'S MOTION
## TO RECONSIDER DETENTION ORDER

Brittney Neal is charged with two counts of carjacking, one count of brandishing and discharging a firearm during a carjacking, and one count of brandishing a firearm. She has pled not guilty. On March 27, 2018, after a conducting a hearing, I found that Neal presented a danger to the community and ordered her detained pending trial. (Docket # 3.) Neal seeks reconsideration of that order pursuant to 18 U. S. C. § 3142(f)(2). (Docket # 31.)

Under the Bail Reform Act, a defendant may be detained pending trial when the government is able to establish by clear and convincing evidence either that the person presents a serious risk of flight or a serious risk of danger to another person or the community. *See United States v. Diaz*, 777 F.2d 1236, 1237 (7th Cir. 1985). Section 3142(e) explicitly provides that the court shall order pre-trial detention if "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community . . . ." 18 U.S.C. § 1342(e).

In determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of the community, the court must consider:

> (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including—
>
> (A) the person's character, his physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g). All of these factors must be balanced in making the ultimate determination of whether a defendant should be released on bond. *See Diaz*, 777 F.2d at 1238 (ultimate decision whether to detain "depends both on personal observation of the defendant and on a weighing of the daunting list of factors in section 3142(g)").

The Bail Reform Act also creates several "rebuttable presumptions" to be applied when determining whether there is any condition or combination of conditions that will reasonably assure the appearance of the defendant at trial and the safety of the community. As relevant here, one of those presumptions applies specifically to persons charged with crimes of violence. 18 U.S.C. § 3142(e). To rebut this presumption, a defendant must come forward with sufficient evidence that he will not flee or endanger the community. *Dominguez*, 783 F.2d at 706. This does not necessarily require a showing that the defendant is not guilty of the crimes charged. *Id.* at 707. Rather, the defendant could also show that "the specific nature of the crime charged, or that something about their individual circumstances, suggest that 'what is true in general is not true in the particular case . . . .'" *Id*. "Any evidence favorable to a defendant that comes within a category listed in § 3142(g)

can affect the operation of one or both of the presumptions, including evidence of their marital, family and employment status, ties to and role in the community, clean criminal record and other types of evidence encompassed in § 3142(g)(3)." *Id.* at 707.

Even if a defendant is able to rebut one or both of the presumptions (flight risk or danger to the community), they do not drop out of the detention analysis. The Seventh Circuit explained:

> [They do] not disappear when rebutted, like a "bursting bubble" presumption, nor do they actually shift the burden of persuasion to the defendant. They are "rebutted" when the defendant meets a "burden of production" by coming forward with some evidence that he will not flee or endanger the community if released. Once this burden of production is met, the presumption is "rebutted" . . . . Use of that word in this context is somewhat misleading because the rebutted presumption is not erased. Instead it remains in the case as an evidentiary finding militating against release, to be weighed along with other evidence relevant to factors listed in § 3142(g).

*Id.* at 707; *see also Diaz*, 777 F.2d at 1238. Consistent with a criminal defendant's presumption of innocence, the burden of persuasion remains with the government once the burden of production is met. *Dominguez*, 783 F.2d at 707.

Additionally, a defendant who has been detained can seek to reopen the detention hearing under 18 U.S.C. § 3142(f)(2), which provides as follows:

> The hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community.

In this case, after considering the parties' arguments, the bond study report, and the factors under the Bail Reform Act, I determined that while Neal did not present a risk of flight, she presented a danger to the community if released pending trial. Neal asks that I reconsider the detention order because being in custody has greatly exacerbated her mental health conditions and that any risk her release to the community would pose has been minimized by the fact that her co-defendant is in

custody. Regrettably, these factors do not change my assessment of the danger Neal poses to the community if released. Neal is charged in two carjackings occurring within approximately a month of each other. In the first carjacking, Neal's co-defendant shot the victim. In the second incident, Neal is accused of committing an armed carjacking in broad daylight. Despite Neal's lack of prior record, these two alleged crimes of violence indicate a serious risk of danger to the community if Neal is released.

This is not to say that I am unsympathetic to the fact that Neal has three young children (ages 2, 3, and 4) who needs her at home. However, as I explained to Neal at the detention hearing, in evaluating the protection of the community I must not only think of Neal and the needs of her young children, but I must think of the entire community and the risks of danger Neal's release may pose to the community. I am also not unsympathetic to the toll that pretrial custody can have on a person's mental health, especially an individual like Neal who has prior history of mental health problems. However, that in itself is not a basis to release Neal. If Neal's mental health problems are not being addressed by the jail, counsel for Neal should raise the matter with the U.S. Marshals. If that fails, counsel for Neal should then request court intervention.

For these reasons, I respectfully decline to release Neal pending trial in this matter.

**IT IS SO ORDERED**.

Dated at Milwaukee, Wisconsin this 8th day of August, 2018.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge